```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      JACKSON DIVISION
```

**TANYA BRITTON, et al.**                                   **PLAINTIFFS**

**VS.**                              **CIVIL ACTION NO. 3:06-CV-374BS**

**SHIRLENE ANDERSON, individually and
in her official capacity as Chief of
Police for the City of Jackson,
Mississippi, et al.**                                        **DEFENDANTS**

## OPINION AND ORDER

This cause is before the Court on Plaintiffs' Motion for Reconsideration. Having considered the Motion and Response, as well as supporting and opposing authority, the Court finds that the Motion is not well taken and should be denied.

After holding a stenographically recording hearing in this cause on July 18, 2006, the undersigned rendered a bench Opinion ("July 18 Opinion") denying Plaintiffs' Application for Emergency Temporary Restraining Order or, alternatively, Preliminary Injunction.  Aggrieved by the holdings of the July 18 Opinion, Plaintiffs filed the subject Motion for Reconsideration on July 19, 2006. That Motion is now ripe for decision.

Motions to reconsider are analyzed under Rule 59(e) of the Federal Rules of Civil Procedure.  A judgment or order may be altered or amended under Rule 59(e) if: (1) a need to correct a manifest error in law or fact exists; (2) the movant uncovered new

evidence that was reasonably unknown prior to entry of the judgment or order in question; or (3) an intervening change in controlling law occurred. Schiller v. Physicians Res. Group, Inc., 342 F.3d 563, 567 (5th Cir. 2003)(citations omitted).  The United States Court of Appeals for the Fifth Circuit set forth the following additional factors to consider when entertaining such a motion: (1) the reasons set forth by the movant justifying consideration of evidence or arguments that the movant failed to present in the underlying motion; (2) the importance of the reconsideration of the underlying motion to the movant's case; (3) whether the reasons set forth by the movant justifying reconsideration were available to the movant before they responded to the underlying motion; and (4) the likelihood that the non-movants will suffer unfair prejudice if the motion is reconsidered. Sturges v. Moore, 73 Fed. App'x 777, 778 (5th Cir. 2003) (citing Ford v. Elsbury, 32 F.3d 931, 937-38 (5th Cir. 1994)).

Litigants considering a Rule 59(e) motion have been "strongly cautioned" to carefully consider the grounds for such a motion. Atkins v. Marathon Le Torneau Co., 130 F.R.D. 625, 626 n.1 (S.D. Miss. 1990).  "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." Id.

In the subject Motion for Reconsideration, Plaintiffs cite no new caselaw or statutes that represent a change in controlling law

or present no arguments that were not previously considered by the Court.  Having considered all of the factors set forth in Sturges, this Court finds that the Motion for Reconsideration should be denied.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Reconsideration [docket entry no. 4] is hereby denied.

SO ORDERED this the 21st day of July, 2006.


                                    s/ William H. Barbour, Jr.
                                    UNITED STATES DISTRICT JUDGE

blj