```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

TAYNA BRITTON; JOSEPH CARSON;
MARILYN CARROLL; CARMEN VASQUEZ;
and PRO-LIFE MISSISSIPPI                                  PLAINTIFFS


VS.                             CIVIL ACTION NO. 3:06cv374-WHB-JCS


SHIRLENE ANDERSON, individually and
in her capacity as Chief of Police
for the City of Jackson, Mississippi;
ROSEMARY HARPER, individually and
in her capacity as a police officer
for the City of Jackson, Mississippi;
JERRY BRISTER, individually and
in his capacity as a police officer
for the City of Jackson, Mississippi                      DEFENDANTS


## OPINION AND ORDER

This cause is before the Court on the Motions to Dismiss filed by Shirlene Anderson and Jerry Brister. Both of these defendants move to have the claims alleged against them in their individual capacities dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the basis of immunity. The Court has considered the Motions, Responses, attachments to each, and supporting and opposing authority and finds that both Motions should be denied.

## I. Factual Allegations and Procedural History

On July 11, 2006, Plaintiffs filed a lawsuit pursuant to 42 U.S.C. § 1983 claiming the defendants had impermissibly infringed upon their First and Fourteenth Amendment rights. The Complaint, as it relates to Defendant Jerry Brister ("Brister"), alleges:

> 13. Defendant Jerry Brister is a police officer for the City of Jackson, Mississippi who acts as the City's special events coordinator. He is sued in both [his] individual and official capacities.
>
> 19. On or about December 12, 2005, [Plaintiff Joseph Carson] and another gentleman were engaged in un-amplified street preaching on the public streets of downtown Jackson when they were approached by several Jackson police officers. The officers stated that Carson and his associate were being too loud and in violation of the City's noise ordinance. The officers then said they needed a permit.
>
> 20. The officers further told Carson that without a permit he could not remain on the street corner and that, if he continued to preach without a permit, he would be arrested.
>
> 21. The officers then said Carson has to let Officer Brister know of his plans before "you do anything, before anything goes on in the city."
>
> 22. Carson and his associate then went to the Jackson Police Department to inquire about a permit. They were referred to Defendant Officer Jerry Brister. Brister showed them Jackson Code of Ordinances §§ 54-86 through 54-91 (regulating noise) and told them they needed a permit.
>
> 23. Sections 54-86 through 54-91 of the Jackson Code were declared unconstitutional and enjoined from further enforcement by

> consent judgment entered on August 4, 2004 in *Baldwin v. City of Jackson*, 3:04 CV 545 BN.
>
> 24.   Notwithstanding the laws having been declared unconstitutional, Brister told Carson that the City would not issue a permit under the defunct ordinances allowing him to stand on City sidewalks and preach, but if Carson "wanted to go to a park" and talk to people that would probably be "okay".

See Compl. ¶¶ 13, 19-23. Plaintiffs contend that Brister's actions violated their rights as protected by the First and Fourteenth Amendments to the United States Constitution.

The only specific allegation in the Complaint relating to Defendant Shirlene Anderson ("Anderson") is:  "Defendant Shirlene Anderson is Chief of Police for the City of Jackson.  She is sued in both her individual and official capacities."  Compl. at ¶ 11. The Complaint does not cite any actions specifically taken by Anderson, nor does it identify any constitutional rights allegedly infringed upon by Anderson.

Brister and Anderson now move for dismissal of the claims alleged against them in their individual capacities on the basis of immunity.

## II.  Rule 12(b)(6) Standard

A motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is "viewed with disfavor" and "rarely granted."  Lowrey v. Texas A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997).  When considering such motion, the Court must

3

liberally construe the allegations in the complaint in favor of the plaintiff and accept all pleaded facts as true. Id. quoting Campbell v. Wells Fargo Bank, 781 F.2d 440, 442 (5th Cir. 1986)). Although the complaint, "must contain either direct allegations on every material point necessary to sustain a recovery ... or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial," see Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995), the complaint cannot be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Blackburn v. Marshall, 42 F.3d 925, 931 (5th Cir. 1995). This same rule applies "when immunity is urged as a defense by a motion to dismiss." Chrissy F. by Medley v. Mississippi Dept. of Pub. Welfare, 925 F.2d 844, 846 (5th Cir. 1991).

### III.  Legal Analysis

The defense of qualified immunity is available to state actors, including police officers, who are sued under 42 U.S.C. § 1983. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity provides a shield from civil liability to officers whose conduct does not reasonably violate a clearly established constitutional or statutory right. Davis v. Sherer, 468 U.S. 183,

194 (1984). See also Johnston v. City of Houston, 14 F.3d 1056, 1059 (5th Cir. 1994) ("Whether a government official is entitled to qualified immunity generally turns on the objective reasonableness of the action assessed in light of the legal rules that were clearly established at the time it was taken.")(alternations in original)(citations omitted). The defense of qualified immunity, however, only applies to claims alleged against officers in their individual, and not their official, capacities. Foley v. University of Houston Sys., 355 F.3d 333, 337 (5th Cir. 2003).

The Court undertakes a two-step analysis to determine whether a defendant may successfully avail himself to the defense of qualified immunity. First, the Court must determine whether the plaintiff has alleged a violation of constitutional or statutory rights.[1] If such violation is alleged, the Court next considers "whether the allegedly violated constitutional rights were clearly established at the time of the incident; and, if so, whether the conduct of the defendants was objectively unreasonable in the light of that then clearly established law." Hare v. City of Corinth,

---

[1] In cases in which the defendant claims he is entitled to qualified immunity, the complaint must be analyzed under a "heightened pleading requirement." See Baker v. Putnal, 75 F.3d 190, 195 (5th Cir. 1996). Under this standard, a plaintiff is not permitted to plead "bald allegations" and/or "conclusory statements." Wicks v. Mississippi St. Employment Servs., 41 F.3d 991, 994-95 (5th Cir. 1995). Instead, the plaintiff must plead facts "specifically focusing on the conduct" of the defendant which, if proven, would demonstrate that the defendant had violated a clearly established constitutional or statutory right. Id.

135 F.3d 320, 326 (5th Cir. 1998)(citing Rankin v. Klevenhagen, 5 F.3d 103, 108 (5th Cir. 1993) ("When evaluating whether a plaintiff stated a constitutional violation, we look to currently applicable constitutional standards.  However, the objective reasonableness of an official's conduct must be measured with reference to the law as it existed at the time of the conduct in question."))(alterations in original)(quotations and citations omitted).  See also Anderson v. Creighton, 483 U.S. 635, 638 (1987) (finding that qualified immunity shields government officials provided "their actions could reasonably have been thought consistent with the rights they are alleged to have violated.")

**A.   Jerry Brister**

Plaintiff Carson claims Brister violated his constitutional rights by continuing to enforce Jackson Code of Ordinances §§ 54-86 through 54-91 after they had been declared unconstitutional.  Carson further alleges that Brister refused to issue him a permit (as required by the "defunct ordinances") thereby preventing him from sidewalk preaching in the City of Jackson.  Applying the two-step analysis recited above, the Court finds that the allegations in the Complaint are sufficient to allege a violation of constitutional rights, thus satisfying the first step of inquiry.  See Chaplinsky v. New Hampshire, 315 U.S. 568, 570 (1942) (recognizing: "Freedom of speech and freedom of the press, which

are protected by the First Amendment ... are among the fundamental personal rights and liberties which are protected by the Fourteenth Amendment from invasion by state action.").

Likewise, the Court finds that the second step of inquiry is satisfied as the constitutional rights allegedly violated were clearly established at the time of the incident, and Brister's alleged conduct was objectively unreasonable. Again, Brister allegedly informed Carson that the latter needed a permit to preach on city sidewalks under Jackson Code of Ordinances §§ 54-86 through 54-91. As these Ordinances had been declared unconstitutional on August 6, 2004, the Court finds that Plaintiffs' rights with regard to these Ordinances were clearly established on December 12, 2005 – the date on which the alleged incident occurred. The Court additionally finds that any attempt to enforce the Ordinances, once they were declared unconstitutional, would be unreasonable. See Michigan v. DeFillippo, 443 U.S. 31, 38 (1979)("Police are charged to enforce laws until and unless they are declared unconstitutional.")

Having conducted the applicable two-step analysis, the Count finds that Brister cannot avail himself of the defense of qualified immunity on the claims alleged against him in his individual capacity, and that his Motion to Dismiss on that basis should be denied.

**B.     Shirlene Anderson**

Supervisory police officials may be held individually liable for violations of constitutional rights committed by their subordinate officers in cases in which they (1) affirmatively participate in the acts that allegedly caused the violation, or (2) implemented policies that causally resulted in the violation. Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992). In the case *sub judice*, the Complaint does not allege any actions on the part of Anderson, which demonstrate her personal involvement in the conduct underlying the constitutional violations about which Plaintiffs complain. Although Plaintiffs argue that Anderson was "personally aware of and at a minimum ratified, if not actually ordered, the unconstitutional actions of her officers," see Resp. to Mot. to Dismiss at 2, "Section 1983 does not allow for vicarious liability or *respondeat superior* as a basis for holding a police chief liable for the acts of h[er] officers." Hinshaw v. Doffer, 785 F.2d 1260, 1263 (5th Cir. 1986).

Likewise, the Compliant does not allege that Anderson implemented any policy that causally resulted in the alleged constitutional violations. For example, Plaintiffs allege that City of Jackson police officers receive inadequate training "in areas of First Amendment rights." While a police chief may be liable under Section 1983 based on her failure to supervise and

train subordinate officers,[2] the Complaint clearly indicates that Plaintiffs seek to hold the City of Jackson liable for the alleged lack of training, not Anderson. See e.g. Compl. ¶¶ 63-67 (claiming that the allegations are "sufficient to impose municipal liability.")

As there are no allegations that Anderson either affirmatively participate in the acts underlying the complained of constitutional violations or implemented policies that causally resulted in those alleged violations, the Court finds that Anderson would be entitled to have the claims alleged against her in her individual capacity dismissed on the basis of qualified immunity. Plaintiffs, however, indicate their intent to amend their Complaint to "include more specific allegations as to all Defendants, including Chief Anderson." Resp. to Mot to Dismiss at 4. The Court finds that the prudent course at this time is to allow Plaintiffs the opportunity to amend their Complaint and to allege any additional facts they may have before dismissing the claims against Anderson in her individual capacity. To that end, Plaintiffs will be granted until November 22, 2006, to file an amended complaint. In the event an

---

[2] See Roberts v. City of Shreveport, 397 F.3d 287, 292 (5th Cir. 2005) (finding that to establish Section 1983 liability against a police chief, the plaintiff must show (1) the police chief failed to train or supervise the offending police officer, (2) a causal connection between the failure to train/supervise and the alleged violation of constitutional rights, and (3)that the failure to train/supervise amounts to a deliberate indifference of the plaintiff's rights).

amended complaint is not filed, the Court will, upon motion, dismiss the claims against Shirlene Anderson in her individual capacity without further briefing on the issue.

### IV.  **Conclusion**

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Jerry Brister to Dismiss [Docket No. 17] is hereby denied.

IT IS FURTHER ORDERED that the Motion of Shirlene Anderson to Dismiss [Docket No. 18] is hereby denied.

IT IS FURTHER ORDERED that the stay previously entered in this case is hereby lifted.

IT IS FURTHER ORDERED that Plaintiffs shall file an amended complaint on or before November 22, 2006, if they so desire.  In the event an amended complaint is not filed, the claims against Defendant Shirlene Anderson in her individual capacity will be dismissed on the basis of qualified immunity, upon motion filed by this defendant, without further briefing on the issue.

SO ORDERED this the 8th day of November, 2006.


                                                s/ William H. Barbour, Jr.
                                                UNITED STATES DISTRICT JUDGE