IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| **TANYA BRITTON, JOSEPH CARSON,** )<br>and **PRO-LIFE MISSISSIPPI,** on its )<br>own behalf and on behalf of its members, )<br>    )<br>    Plaintiffs**,**    )<br>    )<br>**v.**    )<br>    )<br>**SHIRLENE ANDERSON**, individually    )<br>and in her official capacity as Chief of    )<br>Police for the City of Jackson, Mississippi;    )<br>**ROSEMARY HARPER,** individually and    )<br>in her official capacity as a police officer    )<br>for the City of Jackson, Mississippi,    )<br>**JERRY BRISTER**, individually and    )<br>in his official capacity as a police officer    )<br>for the City of Jackson, Mississippi,    )<br>**LIEUTENANT JESSIE ROBINSON**,    )<br>individually, and **PIETER TEEUWISSEN**,    )<br>individually,    )<br>    )<br>    Defendants.    ) | Case No.  3:06cv374 WHB-JAS |

___

## CONSENT DECREE

Whereas, all Defendants have been served and appeared herein; and

Whereas, the parties have reached agreement on all issues between them on the following terms and conditions, without adjudication of any issue of fact or law and without Defendants admitting liability for any of the matters alleged;

Whereas, this Consent Decree resolves all issues raised in the Amended Complaint and the parties accept this Consent Decree as final and binding among themselves as to the issues resolved

herein. This Consent Decree, being entered with the consent of City, shall not constitute an admission, an adjudication or a finding on the merits of the case.

Therefore, on joint motion of the Plaintiffs and Defendants,

IT IS HEREBY ORDERED, ADJUDGED and DECREED:

1. This Court has jurisdiction over the subject matter and the parties.

2. The Amended Complaint states a claim upon which relief can be granted against the Defendants. Among other things, the Amended Complaint alleges that Defendants violated their constitutional rights by unlawfully enforcing the City of Jackson's noise ordinance (Code §§ 54-86 through 54-91) after it had been found unconstitutional by this Court, unlawfully applying the City's special events ordinance (Code §§ 14-176 et seq.) against Plaintiffs, unlawfully applying the City's sign ordinance (Code §§ 102-26 et seq.) against Plaintiffs, and unlawfully seizing and refusing to return Plaintiffs' signs.

3. The City by and through its officials, agents, employees, successors and all persons in active concert or participation with it shall not engage in any act or practice that has the purpose or effect of unlawfully inhibiting the exercise of any person's First Amendment rights on the public sidewalks or rights of way.

4. The City shall enforce the laws, statutes, or ordinances in an even-handed manner, not favoring or disfavoring any person or group because of his or its political, religious or philosophical positions on any issue.

5. The City shall not enforce or threaten to enforce its previously stricken noise ordinance, Code §§ 54-86 through 54-91.

6.  The City shall not enforce or threaten to enforce its recently adopted noise ordinance, Code §§ 54-86 through 54-92, unless and until it does so by means of properly calibrated decibel meters employed by officers trained in the use of such machines.

7.  The City shall, within thirty (30) days of entry of this Consent Decree, amend its special events ordinance, Code §§ 14-176 et seq., in a manner mutually agreeable to counsel for the City and for the Plaintiffs herein. Said amendments shall address the concerns raised in the Amended Complaint, including its definitions section (§14-178), its exemption section (§14-180), its application section (§14-181), its action on application section (§14-183), and such other sections as shall be necessary to render the ordinance consistent with the amendments specified herein and with constitutional requirements.

8.  The City shall, within thirty (30) days of entry of this Consent Decree, amend its sign ordinance, Code §§ 14-176 et seq., in a manner mutually agreeable to counsel for the City and for the Plaintiffs herein.

9.  The City shall not seize signs, literature or other expressive materials from those involved in the exercise of First Amendment rights, whether needed as evidence or otherwise, unless all other means short of seizure have been exhausted, including but not limited to photographing or describing them in written form. In the event seizure of such expressive materials is deemed necessary, the City shall seize only so many of the materials as are absolutely essential to establish the type or size of the materials, and shall promptly submit the matter to a court of appropriate jurisdiction for determination of the propriety of seizure and/or retention of the materials, and shall return the materials as soon as practicable, recognizing that they are presumptively protected by the First, Fourth and Fourteenth Amendments to the United States Constitution.

10. The City shall initiate a program of mandatory annual training in First Amendment rights and the response to the exercise of those rights, instructing its law enforcement personnel in respect for such rights. The City recognizes and agrees to adopt as its overriding philosophy that tolerance of such rights is its primary goal.

11. The City shall, within fourteen (14) days of entry of this Consent Decree, mail certified checks in the amount of $5000 to Tanya Britton, Joseph Carson, and Pro-Life Mississippi in full settlement of all claims for damages herein.

12. Plaintiffs' counsel hereby waive all claims for attorneys' fees herein.

13. The City shall, within fourteen (14) days of entry of this Consent Decree, expunge as allowed by statute all criminal records regarding the following arrests and/or convictions of individuals involved in the Operation Save America/Pro-Life Mississippi annual event from July 14-21, 2006: Tanya Britton; Phillip Carnaggio; Calvin Zastrow; Dr. Patrick Johnston; Ronald Brock; Rev. Ed Martin; Ester Mann; Harriet Ashley; Clifton Powell; and James Esser.

14. The City further agrees to promptly return all fines imposed against the individuals identified in paragraph 13 above, care of Plaintiffs' counsel, and to dismiss all pending charges against these individuals.

15. The parties shall attempt to resolve informally any disputes that may occur under this Consent Decree. If the parties are unable to reach agreement within thirty (30) days after a matter has been brought to the attention of one of the parties by another party, the issue may be submitted by either party to the Court for resolution.

16. The Court shall retain jurisdiction of this Decree for one year from the date of entry of this Consent Decree in Settlement of Claims.

This the 14th day of March, 2008.

                                          s/William H. Barbour, Jr.
                                          United States District Court Judge

Agreed and Consented to:

| For the Plaintiffs: | For the Defendants: |
|---|---|
| /Stephen M. Crampton | /Pieter Teeuwissen |
| Stephen M. Crampton, Esq. | Pieter Teeuwissen, Esq. |
| Liberty Counsel | Special Assistant to the City Attorney |
| P.O. Box 11108 | Office of the City Attorney |
| Lynchburg, VA 24506 | 455 East Capitol Street |
| (800) 671-1776 | P.O. Box 2779 |
|  | Jackson, MS 39207-2779 |
|  | (601) 960-1799 |
| *Attorneys for all Plaintiffs* | *Attorneys for all Defendants* |